UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ERIC FLEISCHER,

                                Plaintiff,

      -against-                            **Civil Action No.:**

THE CITY OF NEW YORK, THE NEW YORK
CITY DEPARTMENT OF CORRECTIONS, and    **VERIFIED COMPLAINT**
JOHN and JANE DOES, said names being fictitious
and intended to represent individual officers, members,    **Jury Demand**
agents and/or employees of the New York City
Department of Corrections, in their individual and official
capacities,

                                Defendants.

------------------------------------------------------------X

      Plaintiff ERIC FLEISCHER (hereinafter "Plaintiff"), by and through his undersigned counsel, THE COCHRAN FIRM, as and for his Verified Complaint in this Action against Defendants THE CITY OF NEW YORK, THE NEW YORK DEPARTMENT OF CORRECTIONS, and JOHN and JANE DOES, (collectively referred to as "Defendants"), hereby alleges as follows:

### NATURE OF THE CLAIMS

      1.    This is a civil action for compensatory, injunctive, punitive, and exemplary damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1986, 1988, and Monell for violations of Plaintiff's civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

      2.    This action arises from a chain of horrifying events that began on November 15, 2021 when Plaintiff was incarcerated at Rikers Island in psychiatric distress and was denied his needed medications and care, resulting in his self-inflicted hanging death, and eventual

resuscitation as a result of the deliberate indifference, negligence, recklessness, and carelessness of the Defendants, which caused the Plaintiff to suffer serious injury.

3.      Defendants' conduct was knowing, malicious, wanton and in reckless disregard of the Plaintiff's rights. It has caused and continues to cause the Plaintiff to suffer serious physical injuries, substantial economic and non-economic harm, severe mental anguish, and emotional distress.

## JURISDICTION & VENUE

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343 (1-4) and 2202 as this case involves a federal question based on the Plaintiff's protected rights under the United States Constitution.  Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate state law claims pursuant to 28 U.S.C. § 1367.  The matter in controversy exclusive of interest and costs exceeds $100,000 (One hundred thousand dollars).This Court has jurisdiction over this matter because this case arises out of an incident that occurred in New York County.

1.       Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that Defendant City of New York is located, and a substantial part of the events giving rise to the claim arose, within the confines of the Southern District of New York.

## PROCEDURAL REQUIREMENTS

5.      Within the requisite time period, a Notice of Claim was filed on or about January 13, 2022 against Defendants.

6.      At least thirty (30) days elapsed since Plaintiff filed a Notice of Claim, and the Defendants have not adjusted the same.

7.      Oral Examination of the Plaintiff was held on June 6, 2022, in compliance with Section 50-H of the General Municipal Law.

8.      All conditions and requirements precedent to the commencement of this action have been met.

## PARTIES

9.      Plaintiff ERIC FLEISCHER is and was at the time of the occurrence a New York State resident residing at 698 Empire Boulevard, Apt. 201, Brooklyn, New York 11213.

10.     At all times material, Defendant THE CITY OF NEW YORK (hereinafter referred to as "Defendant CITY" or "CITY") was and still is a municipal entity duly authorized and existing under the laws of the State of New York that may be served with process at Corporation Counsel, 100 Church Street, New York, NY 10007. Defendant CITY maintained and still maintains the agency City of New York Department of Corrections as authorized under the laws of the State of New York.

11.     At all times material, Defendant NEW YORK DEPARTMENT OF CORRECTIONS (hereinafter referred to as "Defendant DOC" and/or "DOC") is a governmental entity maintained by Defendant CITY that may be served with process at Comptroller of the City of New York, One Centre Street, New York, NY 10007.

12.     Upon information and belief, at all times hereinafter mentioned, DOC is a local governmental agency duly formed and operating under and by virtue of the Laws and Constitution of the State of New York; and is responsible for the policies, practices, and customs of DOC as well as the hiring, screening, training, supervising, controlling, and disciplining of its correction officers and civilian employees and is the final decision maker for that agency.

13.     At all times material, the individually named Defendants "JOHN and JANE DOES" were duly sworn correction officers and/or other employees of said department and were acting under the supervision of said department and according to their official duties

## FACTUAL ALLEGATIONS

14.     On or about November 15, 2021, Mr. Fleischer who suffers from depression, anxiety, and obsessive-compulsive disorder, was a detainee in DOC custody at Anna M. Kross Center ("AMKC") at Rikers Island, 18-18 Hazen Street, East Elmhurst, New York 11370.

15.     Due to his medical and psychiatric conditions, Mr. Fleischer had been prescribed various medications, including Clonazepam, Paxil, Aripiprazole, and Gabapentin.

16.     On the aforementioned date, Mr. Fleischer was time and place, Plaintiff was in obvious and severe, critical mental distress and explicitly and repeatedly pleaded for his medication.  Defendants ignored his pleas and denied him his needed prescribed medication.

17.     Mr. Fleischer was in such abject emotional and physical distress that he stated to DOC personnel explicitly and repeatedly that he would "kill himself" if he did not receive his medication. Despite Plaintiff's multiple pleas and warnings, the DOC continued to deprive Plaintiff of his medication, causing him to hang himself in his cell. In the commission of hanging himself, Plaintiff also suffered a stroke.

18.     Mr. Fleischer was rushed to Elmhurst Hospital where he was pronounced dead. Medical personnel were able to resuscitate him. Mr. Fleischer then underwent surgery including a stent being placed in his neck. Following this incident, Plaintiff was transferred to Bellevue Hospital Psychiatric Prison Ward, located at 462 1st Ave., New York, New York 10016.

19.     Said occurrences and resulting injuries to Mr. Fleischer were caused by reason of the deliberate indifference, negligence, gross negligence, carelessness and recklessness, improper

hiring, training and supervision, and wanton disregard by Defendants CITY and DOC, their agents, servants and/or employees in their handling and treatment of Plaintiff; in failing to obey pertinent laws, statutes, ordinances, rules and regulations; and in otherwise being negligent, careless and reckless in causing such injuries.

**FIRST CAUSE OF ACTION**
**(Violation of Due Process under 42 U.S.C. §1983)**

20.     Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

21.     The Defendants violated Plaintiff's due process rights as a pretrial detainee in failing to obtain for him constitutionally required medical care for his mental health illness, by removing from him and deliberately ignoring his pleas for medical intervention, denying him medicine that had been prescribed by a physician, by failing to properly monitor and protect Plaintiff from life threatening self-harm and/or permanent injury, by providing Plaintiff with instruments and materials that were known risks and dangerous to those prisoners who were suffering from mental illness and/or suicidal, and failing to timely intervene and prevent the self-harm resulting in Mr. Fleischer's temporary death and permanent injury. These acts were deliberately indifferent to the constitutional rights of Plaintiff under the Fifth and Fourteenth Amendments to the United States Constitution and this mistreatment was a violation of his due process rights to be free from cruel and unusual punishment.

22.     As a result, Plaintiff suffered serious injuries, severe pain and suffering, fear of impending death, loss of enjoyment of life, and permanent damage.

## SECOND CAUSE OF ACTION
### (Deprivation of Rights Under 42 U.S.C. §1983)

23.     Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

24.     All of the aforementioned acts of Defendants DOC and JOHN and JANE DOES were carried out under the color of state law and deprived the Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fifth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C §1983.

25.     The acts complained of were carried out by the Defendants in their capacities as corrections officers, with the entire actual and/or apparent authority attendant thereto.

26.     The Defendants' conduct was tantamount to discrimination against Plaintiff based on her disability.  Other inmates under the care, custody and control of the City, who may be a danger to themselves or others, are presumably not permitted to possess deadly instruments and materials without proper supervision.  This disparate treatment carried out by the aforementioned Defendants in their capacities as corrections officers, pursuant to the customs, usages, practices, procedures and the rules of the New York City Department of Corrections, all under the supervision of ranking officers in said department, caused Plaintiff to inflict injury upon her person.

27.     Defendants, collectively and individually, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective authority, which is forbidden by the United States Constitution. As a result of the Defendants' conduct, Plaintiff was deprived of her rights under the Equal Protection Clause of the United States Constitution and is entitled to damages.

## THIRD CAUSE OF ACTION
### (Monell under 42 U.S.C. §1983)

28.     Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

29.     At all relevant times, Defendants CITY and DOC maintained a policy, practice, and/or custom of delaying, denying, and/or failing to obtain medical care for mentally ill arrestees and detainees who do not have physical injuries at the time of their arrest or to otherwise protect detainees with mental illness from self-harm.

30.     These policies, customs and/or practices which include confiscating prescribed medicine of mentally ill inmates without securing medical clearance, ignoring repeated calls for medical help, failing to properly monitor those mentally ill inmates who are at risk for suicide and failing to properly train and supervise officers in the proper methods of keeping mentally ill detainees safe, are deliberately indifferent to the constitutional rights of individuals like Plaintiff herein and allowed for the Defendants to deprive the Plaintiff of his rights.

31.     As a result of the foregoing, the Plaintiff was allowed to self-harm causing him to hang himself in his cell. In the commission of hanging himself, Mr. Fleischer also suffered a stroke among other physiological and psychological injuries.

## FOURTH CAUSE OF ACTION
### (Negligent Training, Supervision and Retention)

32.     Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

33.     At all relevant times, Defendants CITY and DOC had a duty to screen applicants for hire to its Corrections Facility, retention to its Corrections Facility or to discharge from its employ those employees who were not fit, suitable, properly trained and instructed, that constituted

a potential menace, hazard, or danger to the public, those with vicious propensities and those with

emotional, physical, psychological, biased and/or physiological traits or characteristics unsuitable,

unstable, or contraindicated for such employment.

34.     At all relevant times, it was the duty of the Defendants to properly and/or

sufficiently hire, train, supervise and retain personnel within the Corrections Facility and at the

supervisory and lower ranked levels so as to properly and/or sufficiently discipline, supervise, and

put into effect appropriate rules applicable to the duties, behavior and activities of their servants,

agents, corrections officers, corrections employees and/or personnel.

35.     Defendant DOC failed to obtain adequate medical treatment and administer

prescribed medication. In addition, Defendant DOC confiscated medicine without getting medical

clearance, and improperly monitored and failed to protect Plaintiff from being injured, were

improperly trained, supervised, and retained by Defendant CITY.

36.     As a result of the Defendants' negligence in its training, supervision and retention

of the Defendant officers and personnel, the Plaintiff was denied medical care, deprived of his

prescribed medication without having this denial approved by a qualified medical provider, left

unsupervised and allowed to inflict physical injury upon himself.

**FIFTH CAUSE OF ACTION**
**(Supervisory Liability under 42 U.S.C. §1983)**

37.     Plaintiff hereby repeats and realleges each and every allegation in the preceding

paragraphs, as if fully set forth herein.

38.     Upon information and belief, Defendant CITY was assigned to supervise and

control the actions of personnel in the DOC.

8

39.    Upon information and belief, some Defendants JOHN and JANE DOES were supervisors whom Defendants CITY and/or DOC assigned to supervise and control the actions of personnel in the DOC and at AMKC/Rikers Island.

40.    These Defendants violated their supervisory duties by allowing DOC and JOHN and JANE DOES to withhold Plaintiff's medication, leaving him unsupervised despite his mental illness, and by failing to ensure he was properly monitored and kept safe.

## SIXTH CAUSE OF ACTION
### (Negligence)

41.    Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

42.    Defendants had a statutory duty to provide adequate care and safeguard Plaintiff. The failure of Defendants to obtain adequate medical care once they were on notice that Plaintiff was in need for it, not administering Plaintiff's medication without consultation with a medical expert, and the failure to protect him from self-harm after he was identified as being at risk for it were negligent acts that led to the foreseeable consequence of Plaintiff hanging himself in his cell. In this fashion, the Defendants breached the duty of care to Plaintiff.

43.    Defendants negligently failed to provide for the safety, security, and protection of Plaintiff by failing to comply with the DOC's own rules of conduct as it relates to the assignment and monitoring of inmates. Defendants' failure to properly follow these rules was negligent and caused Plaintiff to sustain permanent injuries.

44.    As a result of the foregoing, Plaintiff sustained injuries that resulted in permanent disfigurement.

## SEVENTH CAUSE OF ACTION
### (Violation of §202 of the Americans with Disabilities Act)

45.     Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

46.     Plaintiff suffers from depression, anxiety, and obsessive-compulsive disorder. Accordingly, Plaintiff qualifies as a person with an impairment that substantially limits one or more of his major life activities, or in the alternative as an individual with a record of such impairment. His mental illness therefore constitutes a protected disability under the ADA.

47.     The above-described conduct amounts to discrimination against Plaintiff that violated §202 of the Americans with Disabilities Act, which provides that "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

48.     Defendants CITY and DOC are covered by the provisions of the American with Disabilities Act.

49.     Defendants' intentional or otherwise deliberate refusal to accommodate the needs of Plaintiff by, among other things, failing to ensure his safety by failing to closely supervise Plaintiff while in their custody, in light of their knowledge of his mental illness and outward signs of distress, violated the American with Disabilities Act of 1990.

50.     Instead of accommodating Plaintiff's needs, Defendants and its employees denied him services and programs available to others that could have protected him from the injuries inflicted on him.  The failure to accommodate Plaintiff's disability was intentional and/or deliberately indifferent to Plaintiff's rights under Title II of the ADA and was the proximate cause of his injuries.

10

51.    Specifically, Plaintiff could have benefitted from proper monitoring by Defendant DOC personnel.  While in his cell, Defendants provided inadequate supervision of Plaintiff. Despite Mr. Fleischer's multiple warnings, the DOC continued to deprive Plaintiff of his medication, causing him to hang himself in his cell. In the commission of hanging himself, Plaintiff also suffered a stroke.

52.    Because of Defendants' discriminatory treatment and lack of accommodation, Plaintiff suffered a lack of access to appropriate supervision, thereby causing Plaintiff to sustain serious injuries.  Plaintiff is thus entitled to damages.

WHEREFORE, Plaintiff pray that the Court enter judgment in their favor and against Defendants, containing the following relief:

A.    An award of damages in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter, plus prejudgment interest, to compensate Plaintiff for monetary and/or economic damages;

B.    An award of damages in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter, plus prejudgment interest, to compensate Plaintiff for non-monetary and/or compensatory damages;

C.    An award of punitive damages, in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other Court which might have jurisdiction over this matter;

D.    An award of costs that Plaintiff has incurred in this action, as well as Plaintiff' reasonable attorneys' fees to the fullest extent permitted by law; and

E.    Such other and further relief as this Court may deem just and proper.

Dated:    New York, New York
          February 14, 2023

                                        Yours, etc.,

                                        THE COCHRAN FIRM
                                        Attorneys for Plaintiff

                                        _____
                                        TRACEY L. BROWN (TB-4094)
                                        55 Broadway, 23rd Floor
                                        New York, New York 10279
                                        Tel No.: (212) 553-9215
                                        Fax No.: (212) 227-8763